## WEBER, EX., v. PORTER & RIVES.

I.  ACTION: *On conditional note*: *Construction of contract.*
   A purchased of the widow and heir of an intestate his homestead on which they
   resided, and which was exempt from his debts during the widow's life; and for
   part of the purchase price gave a note payable in one year, but conditioned that
   an amount, equal to the total outstanding liabilities against the estate of the in-
   testate at the maturity of the note, to be ascertained from the probate court
   records of the county, should be reserved out of the note by A; and the note,
   with its conditions, was set out in the deed executed to A, wherein a lien was
   retained on the land for its payment. The note was assigned to B, who, after
   its maturity, sued in equity to enforce payment out of the land. HELD: That
   it was the design of the condition to protect A from a sale of the lot for any
   debts or liabilities of the intestate, after he had once paid the purchase price to
   the widow and heir, and a decree could not be rendered on the note until final
   settlement of the estate in the probate court, and the amount of existing liabil-
   ities of the estate should be authoritatively fixed.

APPEAL from *Clark* Circuit Court in Chancery.
Hon. H. B. STUART, Circuit Judge.

The Appellant, *pro se.*

The condition of the note was, in effect, that the vendee
should not pay the balance until a final settlement of the estate
of Peter Carmichael had been made in the probate court, and
the amount of outstanding liabilities ascertained. At the time
the suit commenced the records of the probate court did not
show and do not yet show such settlement, and the rights of
the parties must be determined as they existed at the com-
mencement of the suit. *22 Ark., 572, 375; 36 Id., 456; 39
Id., 442.*

The administrator was a necessary party. *Mansf. Digest,
Secs. 4945, 4939; 28 Ark., 171; 37 Id., 517; 41 Id., 88; 31
Id., 210.*

The lot was subject to be sold to pay the debts of the estate, *37 Ark., 155; 38 Id., 474,* the widow being dead, and the heirs of full age.

The Appellees, *pro se se.*

The administrator had no interest in the suit. The outstanding liabilities of the estate of Peter Carmichael might be ascertained by any competent testimony.

SMITH, J. In the year 1871, Peter Carmichael, a resident of this State, died intestate, leaving a widow and two children. He was the owner of a homestead in the town of Arkadelphia, which was exempt from the payment of his debts during the widowhood of his wife and the minority of his children. Administration was granted to his son, Wm. C. Carmichael, and debts amounting in the aggregate to five or six hundred dollars, exclusive of interest, were proved against his estate. The said William C. afterwards conveyed all of his interest in the homestead premises to his sister and co-heir. And in the year 1881, the debts of said intestate remaining either in whole or in part unpaid, and his children being of full age, the widow and the daughter sold and conveyed the town lot to George Weber. The price was $925, of which $450 were paid in cash, and a note at twelve months was made for the residue. This note was conditioned that an amount equal to the total outstanding liabilities against the estate of Peter Carmichael, deceased, at the time of the maturity of the note, which may be ascertained by reference to the probate records of Clark county, shall be reserved out of the note by the maker. And the note, with its condition, was set out in full in the deed to the purchaser, wherein a lien was retained for the deferred payment.

This note was assigned to Porter & Rives, who, after its maturity, exhibited their bill to enforce payment out of the

land, averring that all of the debts which had been proved against the estate of Peter Carmichael had been paid, except one small claim in favor of C. C. Scott & Co.

Weber answered, alleging his readiness to pay the purchase note whenever the estate of Peter Carmichael was settled, but that the allowances of the probate court in favor of creditors against said estate exceeded in amount the principal and interest of his note, and that the same remained wholly unpaid. He exhibited a list of these judgments, and stated that Mrs. Carmichael, the widow, was now dead, and the land subject to be sold for the satisfaction of creditors. He prayed that William C. Carmichael, as administrator of his father, be brought in as a party, but his prayer was denied, as was also a similar petition from the administrator himself.

The court found that the only outstanding liabilities of the estate were the claim of C. C. Scott & Co. and certain fees due the clerk and judge of probate, aggregating $50.65. A decree for the remainder of the note sued on, after deducting this sum, was accordingly entered.

Construction of the contract. It was the manifest design of Weber's conditional promise, to protect himself from a possible sale of the lot to satisfy the debts and liabilities of the intestate, after he had once paid the purchase price to his widow and heirs. He, therefore, stipulated, in effect, that he should not be required to pay the balance, until the probate records showed that no danger was to be reasonably apprehended on this score. And the payee and any subsequent holder of the note impliedly undertook that the estate should be settled, and the administration finally closed, before Weber should be called on for payment, and that even then Weber should be permitted to retain a sufficient sum to cover all outstanding liabilities of the estate.

At the institution of this suit, the administrator had not filed his final account and the records did not show that the debts of the deceased had been paid, nor what was the amount

for which his lands would ultimately be liable, consequently the suit was premature. But this would only affect the question of costs, provided it had been made to appear that, before decree rendered, the probate court had finally adjusted the administrator's accounts.

Pending the suit, the administrator did file in the probate court his final settlement account, but the same had not been confirmed or acted upon when the cause was heard. Moreover, it disclosed an apparent balance in favor of the administrator against the estate of $446.17; for which, if it should be approved, the lot, which the defendant purchased, might by appropriate proceedings be condemned and sold.

The circuit court may have considered this settlement account as fraudulent on its face, the credits being swollen by counting at their full value claims bought up by the administrator at fifteen and twenty-five cents on the dollar. But the probate court may arrive at a different conclusion. The administrator is not a party to this suit, and is not bound by any determination of the unsatisfied liabilities of the estate made by the circuit court.

The decree is inequitable because it deprives the defendant of a right which he expressly reserved when he bought the lot. It requires him to pay his note before the administrator's accounts have been settled, the balance struck, and the extent of existing liabilities of the estate authoritatively fixed. It was impossible for the court below to do exact justice between the parties until the estate was settled in the probate court, because it could not be determined what amount the defendant should be allowed to withhold out of his note to save himself harmless. And the same considerations prevent us from making the proper decree here.

The decree is reversed, and the bill dismissed, without prejudice to the right of the plaintiffs to bring another suit

when the liabilities of the estate of Peter Carmichael shall have been definitely ascertained; all costs of both courts to be taxed to the plaintiffs.